CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AM**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DANIELLA WALTON, )
    Plaintiff, )    CIVIL ACTION
)
vs. )    FILE NO.:   22-C-00819-S5
)
THERESA SALVATORE VANCE, )
NFI INTERACTIVE LOGISTICS, LLC )    JURY TRIAL DEMANDED
and NATIONAL UNION FIRE )
INSURANCE COMPANY OF )
PITTSBURGH, PA. )
    Defendants. )

## **SUMMONS**

TO:    NFI INTERACTIVE LOGISTICS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Robert A. DeMetz, Jr.
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
(706) 324-1227

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

9th day of February, 2022

This _____ day of _____, 2022.
                                                  TIANA P. GARNER

Clerk of State Court

By                                                    
           Deputy Clerk



FILED IN OFFICE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| DANIELLA WALTON, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | 22-C-00819-S5 |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| THERESA SALVATORE VANCE, | ) | |
| NFI INTERACTIVE LOGISTICS, LLC | ) | JURY TRIAL DEMANDED |
| and NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY OF | ) | |
| PITTSBURGH, PA. | ) | |
| Defendants. | ) | |

### SUMMONS

TO:   NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Robert A. DeMetz, Jr.
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
(706) 324-1227

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

9th day of February, 2022
This _____ day of _____, 2022.

TIANA P. GARNER

Clerk of State Court

By   _____
Deputy Clerk

FILED IN OFFICE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AI**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DANIELLA WALTON, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | 22-C-00819-S5 |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| THERESA SALVATORE VANCE, | ) | |
| NFI INTERACTIVE LOGISTICS, LLC | ) | JURY TRIAL DEMANDED |
| and NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY OF | ) | |
| PITTSBURGH, PA. | ) | |
| Defendants. | ) | |

## SUMMONS

TO:   THERESA SALVATORE VANCE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Robert A. DeMetz, Jr.
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
(706) 324-1227

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

9th day of February, 2022

This _____ day of _____, 2022.
TIANA P. GARNER

Clerk of State Court

By   _____
Deputy Clerk

Civil Action No.: __22-C-00819-S5__
Date Filed: ____02/09/2022_____

| SUPERIOR COURT | ☐ |
| STATE COURT | ☒ |
| COUNTY OF __GWINNETT__ |
| STATE OF __GEORGIA__ |

**Attorney's Address:**
Robert A. DeMetz, Jr., Esq.
Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901

DANIELLA WALTON _____

_____

**Plaintiff**

VS.

THERESA SALVATORE VANCE, ET AL. _____

_____

**Party to be Served:**

NFI Interactive Logistics, LLC _____

c/o Corporation Service Company _____

2 Sun Court – Suite 400 _____

Peachtree Corners, Georgia 30092 _____

**Defendant**

_____

_____

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

<table>
<tr><td>PERSONAL</td><td>GWINNETT COUNTY, GEORGIA<br>I have this day served the defendant(s) _____<br>_____ personally with a copy of the within action and summons.<br><br>This _____ day of _____, _____.<br>DEPUTY SHERIFF</td></tr>
<tr><td>NOTORIOUS</td><td>GWINNETT COUNTY, GEORGIA<br>I have this day served the defendant(s) _____<br>by leaving a copy of the action and summons at his/their most notorious place of abode in said County.<br><br>Delivered same in hands of _____, a _____<br>_____ described as follows:<br><br>Age, about _____ years; weight, about _____ lbs; height, about _____ ft. _____ in.,<br><br>Domiciled at the residence of the defendant(s).<br><br>This _____ day of _____, _____.<br>DEPUTY SHERIFF</td></tr>
<tr><td>CORPORATION</td><td>GWINNETT COUNTY, GEORGIA<br>Served the defendant _____, a corporation, by leaving a copy<br>of the within action and summons with _____ in charge of the office and doing<br>business of said corporation, in this County.<br><br>This _____ day of _____, _____.<br>DEPUTY SHERIFF</td></tr>
<tr><td>TACK & MAIL</td><td>GWINNETT COUNTY, GEORGIA<br>I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.</td></tr>
<tr><td>NON-EST</td><td>GWINNETT COUNTY, GEORGIA<br>Diligent search made and the defendant(s): _____<br>not to be found in the jurisdiction of said Court for the following reason:<br><br>This _____ day of _____, _____.<br>DEPUTY SHERIFF</td></tr>
</table>

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DANIELLA WALTON, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| THERESA SALVATORE VANCE, | ) | |
| NFI INTERACTIVE LOGISTICS, LLC | ) | JURY TRIAL DEMANDED |
| and NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY OF | ) | |
| PITTSBURGH, PA. | ) | |
| Defendants. | ) | |

22-C-00819-S5

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Daniella Walton, and makes and files this Complaint for Damages against Defendants Theresa Salvatore Vance, NFI Interactive Logistics, LLC, and National Union Fire Insurance Company of Pittsburgh, PA., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a citizen of the State of Georgia and is subject to the venue and jurisdiction of this court.

2.

Defendant Theresa Salvatore Vance (hereinafter "Defendant Vance") is a citizen and resident of the State of North Carolina, whose last known address is 1016 Gilboa Church Road, Rutherfordton, North Carolina 28139 in Rutherford County. Defendant is subject to the venue and jurisdiction of this Court under Nonresident Motorist Act (O.C.G.A. § 40-12-1) by virtue of the fact that Defendant operated a vehicle on the roads located in the State of Georgia and committed a tortious act in Fulton County, State of Georgia.

3.

Pursuant to the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91, this Court has jurisdiction over Defendant because Defendant committed the tort that is the subject of this lawsuit within the State.

4.

Defendant may be served, pursuant to the Nonresident Motorist Act, (O.C.G.A. § 40-12-2) by serving the Georgia Secretary of State with the Summons, Complaint and Affidavit of Service. Plaintiffs have provided Defendant, by certified mail, a copy of the Summons, Complaint and Affidavit of Service.

5.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-12-3 and the Non-Resident Motorist Act.

6.

Defendant Theresa Salvatore Vance has been properly served with process in this action.

7.

Defendant NFI Interactive Logistics, LLC (hereinafter "Defendant NFI") is a foreign limited liability company duly organized and existing under the laws of the State of New Jersey, engaged in the business of trucking, with its principal office of business located at 2 Cooper Street, Camden, New Jersey 08102. Defendant NFI is a foreign limited liability company that does transact business within the State of Georgia and committed a tortious act or act of omission within the State of Georgia. Defendant NFI may be served through its registered agent, Corporation Service Company, 2 Sun Court – Suite 400, Peachtree Corners, Georgia 30092. Venue and jurisdiction are proper with this Court as Defendant NFI is a joint tortfeasor.

8.

Defendant NFI has been properly served with process in this action.

9.

National Union Fire Insurance Company of Pittsburgh, PA. is a foreign insurance company with its principal place of business in Pennsylvania and may be served through its registered agent, Corporation Service Company, 2 Sun Court – Suite 400, Peachtree Corners, Georgia 30092.

10.

Defendant National Union Fire Insurance Company of Pittsburgh, PA. is subject to the jurisdiction of this court for the reason that Defendant National Union Fire Insurance Company of Pittsburgh, PA is a joint tortfeasor and as such venue is proper in Gwinnett County, Georgia.

11.

Defendant National Union Fire Insurance Company of Pittsburgh, PA. has been properly served with process in this action.

12.

Defendants are joint tortfeasors, and as such jurisdiction and venue as to all Defendants are proper in this court.

## BACKGROUND

13.

On or about March 12, 2020, Plaintiff was operating a 2017 Toyota Camry and was traveling in a safe and prudent manner east on I-20 in the fourth lane from the median wall in Fulton County, Georgia.

14.

On the above-mentioned date, Defendant Vance was operating a 2016 KNW HT6660 owned by Defendant NFI. Defendant Vance was traveling east on I-20 in the third lane from the median wall, made an improper lane change and merged into the fourth lane from the median wall in Fulton County, Georgia. Defendant Vance negligently, recklessly, carelessly and unlawfully operated said vehicle, so as to cause it to collide with the Plaintiff's vehicle.

15.

On the above-mentioned date and time, Defendant Vance was an agent or employee of Defendant NFI, and working within the scope of her employment.

16.

On this date, Defendant Vance was operating the 2016 KNW HT6660 on behalf of Defendant NFI.

17.

At the time of the incident, Defendant Vance had Defendant NFI's express or implied permission to drive the 2016 KNW HT6660 on behalf of Defendant NFI.

18.

Defendant NFI should have been aware of Defendant Vance's unsafe driving habits.

19.

Defendant Vance negligently maintained the aforementioned 2016 KNW HT6660 and specifically violated O.C.G.A. § 40-6-48.

20.

Defendant Vance negligently maintained the aforementioned 2016 KNW HT6660 and specifically violated O.C.G.A. § 40-6-241.

21.

Defendant Vance negligently maintained the aforementioned 2016 KNW HT6660 and specifically violated O.C.G.A. § 40-6-390.

22.

By reason of the foregoing, Plaintiff Daniella Walton suffered injuries and damages including but not limited to:

    a.  Personal injuries;

    b.  Pain and suffering;

    c.  Disability;

    d.  Mental anguish;

    e.  Loss of the capacity for the enjoyment of life;

    f.  Past and present medical expenses exceeding $17,187.80, and future medical expenses;

    g.  Permanent injuries;

    h.  Incidental expenses; and

    i.  Consequential damages to be proven at trial.

## COUNT 1

## NEGLIGENCE: THERESA SALVATORE VANCE

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

The collision was caused by the negligence of Defendant Vance.

25.

The investigating Police Officer assigned contributing factors to Defendant Vance regarding this wreck, due to the fact she failed to maintain her lane of travel.

26.

At all times relevant hereto, Defendant Vance owed a duty of care to Plaintiff to operate her vehicle in accordance with ordinary care and diligence, as defined under O.C.G.A. § 51-1-2, and Defendant Vance breached that duty to which he owed to Plaintiff.

27.

Defendant Vance's negligence is a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT 2
## NEGLIGENCE: NFI

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

At all relevant times, Defendant Vance was employed by Defendant NFI and was acting within the scope of her employment at the time of the accident.

30.

Defendant Vance negligently maintained the aforementioned 2016 KNW HT6660.

31.

Defendant NFI had knowledge that Defendant Vance was incompetent to drive or habitually reckless and allowed her access to the motor vehicle anyway.

32.

Defendant NFI failed to conduct proper background checks before hiring Defendant Vance and allowed her access to its motor vehicle anyway.

33.

Defendant NFI negligently hired Defendant Vance despite the fact that Defendant Vance was incompetent to drive and habitually reckless and allowed her access to its 2016 KNW HT6660 anyway.

34.

Defendant NFI is liable for the acts and omissions of Defendant Vance as Defendant NFI's agent and employee at the time of the collision-in-suit under the theory of respondeat State.

35.

Defendant NFI's negligent act of allowing Defendant Vance to operate its vehicle was the proximate cause of this wreck.

## COUNT 3:
## IMPUTED LIABILITY

36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

At the time of the subject collision, Defendant Theresa Salvatore Vance was employed by Defendant NFI.

38.

At the time of the subject collision, Defendant Vance was operating the vehicle on behalf of Defendant NFI.

39.

Liability is imputed to Defendant NFI as an intrastate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Theresa Salvatore Vance in regard to the collision and incident described in this complaint under the doctrines of lease liability, agency or apparent agency and *respondeat State*.

## COUNT 4:
## NEGLIGENT HIRING, TRAINING & SUPERVISION

40.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 39 above as if fully restated.

41.

Defendant NFI was negligent in hiring, screening, employing, training and supervising Defendant Theresa Salvatore Vance and entrusting her to drive their 2016 KNW HT6660.

42.

Defendant NFI was negligent in failing to properly train Defendant Theresa Salvatore Vance.

43.

Defendant NFI was negligent in failing to properly supervise Defendant Vance.

44.

Defendant NFI's negligence in hiring Defendant Vance and entrusting her with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

45.

Defendant NFI is liable for tortuously failing to properly instruct, train and supervise Defendant Vance as its employee and/or agent.

46.

Defendant NFI is accountable for independent negligence in that it aided, abetted, encouraged, or required violation of 49 C.F.R. § 393.75, which is negligence as a matter of law.

47.

Defendant NFI is accountable for independent negligence in that it failed to provide safety management as required by various provisions of the Federal Motor Carrier Safety Regulations.

48.

Defendant NFI is accountable for independent negligence related to violations of such additional provisions of Georgia law and the Federal Motor Carrier Safety Regulations as may be determined through discovery and proven at trial.

## COUNT 5:
## DIRECT ACTION

49.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 48 above as if fully restated.

50.

Defendant National Union Fire Insurance Company of Pittsburgh, PA. is subject to a direct action as the insurer for Defendant NFI pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

51.

Defendant National Union Fire Insurance Company of Pittsburgh, PA. is subject to a direct action as the insurer for NFI pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

52.

Defendant National Union Fire Insurance Company of Pittsburgh, PA. was the insurer of Defendant NFI at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

53.

Defendant National Union Fire Insurance Company of Pittsburgh, PA. and Defendant NFI, is subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

54.

Defendant National Union Fire Insurance Company of Pittsburgh, PA. is responsible for any judgment rendered against Defendant NFI, and Defendant Vance up to its policy limits of coverage.

## COUNT 6:
## DAMAGES

55.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 54 above as if fully restated.

56.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained personal injuries, special damages, and general damages for which she is entitled to be compensated by Defendants in an amount to be determined at trial.

57.

As a direct and proximate result of the combined and concurrent negligent acts and omissions of all Defendants, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

58.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff prays that he has a trial on all issues and judgment against defendants as follows:

a) Summons and Complaint be served upon Defendants according to the law;

b) Plaintiff recover from Defendant a sum of damages to compensate her for her injuries and damages, including, but not limited to, her medical expenses (past and future), and pain and suffering (past, present, and future), as aforesaid;

c) That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

d) All costs of this action be taxed against Defendants; and

e) That Plaintiff recover such other and further relief as is just and proper.

Respectfully submitted this 9th day of February, 2022.

By:     s/Robert A. DeMetz, Jr.
        Robert A. DeMetz, Jr.
        Attorney for Plaintiff
        Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
rdemetz@forthepeople.com

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AI**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DANIELLA WALTON,                )
    Plaintiff,                )     CIVIL ACTION
                            )                22-C-00819-S5
vs.                             )     FILE NO.: _____
                            )
THERESA SALVATORE VANCE,        )
NFI INTERACTIVE LOGISTICS, LLC  )     JURY TRIAL DEMANDED
and NATIONAL UNION FIRE         )
INSURANCE COMPANY OF            )
PITTSBURGH, PA.                 )
    Defendants.                 )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT THERESA SALVATORE VANCE

**TO:   Defendant Theresa Salvatore Vance**

Plaintiff submits herewith to the above-named Defendant, pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

1.

Please admit that this action brought against the Defendant properly and correctly names the party to be sued in this case.

2.

Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before this Court in Gwinnett County, Georgia.

3.

Please admit that the service of process against the Defendant was proper.

4.

Please admit that the motor vehicle operated by Defendant was either owned by Defendant or was being operated by Defendant with the knowledge, permission and consent of its owner.



5.

Please admit that Defendant was negligent in the operation of a motor vehicle which resulted in the subject collision with the vehicle operated by Plaintiff.

6.

Please admit that Defendant received a citation issued by the investigating law enforcement agency arising out of the subject collision.

7.

Please admit that Defendant pled guilty to said citation in connection with the subject collision.

8.

Please admit that Defendant was found guilty of said citation in connection with the subject collision.

9.

Please admit that the Plaintiff was injured in the subject collision.

10.

Please admit that the Plaintiff's actions did not cause or contribute to the subject collision.

11.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject collision.

12.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

This Request for Admissions is served upon you together with Plaintiff's Complaint.

Respectfully submitted this 9th day of February, 2022.

By:    s/Robert A. DeMetz, Jr.
              Robert A. DeMetz, Jr.
              Attorney for Plaintiff
              Georgia State Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
rdemetz@forthepeople.com

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AI**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DANIELLA WALTON, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO.:  22-C-00819-S5 |
| | ) | |
| THERESA SALVATORE VANCE, | ) | |
| NFI INTERACTIVE LOGISTICS, LLC | ) | JURY TRIAL DEMANDED |
| and NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY OF | ) | |
| PITTSBURGH, PA. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THERESA SALVATORE VANCE

**To:**  **Defendant Theresa Salvatore Vance**

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan Atlanta, PLLC, 408 12th Street – Suite 200, Columbus, Georgia 31901 within forty-five (45) days following receipt of this request unless the 45th day falls on a

holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.    DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)    an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)    a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)      document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    INTERROGATORIES

### 1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

### 2.

State the name and address of any person, including any party, who to your knowledge information or belief:

(a)      was an eyewitness to the incident underlying this litigation;

(b)      has some knowledge of any fact or circumstance upon which your defense is based; or

(c)      has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

### 3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

### 4.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you?  If so, please state for each policy:

(a)      the name of the insurer providing liability insurance;

(b)      the limits of coverage;

(c)      the name of the insured on the policy; and

(d)      the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician; and

(c)     give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112)

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that the named Defendant has been improperly named as a party to this action and/or that an improper or incorrect agent for service was utilized to effectuate service upon the Defendant? If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendant has been improperly

named or the agent used for service was improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to the named Defendant, jurisdiction is lacking over the named Defendant in this Court, or that service of process has been deficient on the named Defendant in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a)     the owner of the vehicle;

(b)     the frequency with which you drove the vehicle;

(c)     who paid for the gas and maintenance on the vehicle; and

(d)     if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

(a)     each eyewitness that will testify to those facts supporting your denial; and

(b)     each and every document or tangible piece of evidence that will evidence facts supporting your denial.

24.

Please state whether you had a cell phone at the time of this incident and, if so please provide the cell phone provider, telephone number and the name under which the phone was listed.

### III.    REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting the Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from the Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendant or Defendant's insurer.

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No. 16.

13.

A copy of your current driver's license and all driver's licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment of the Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

     These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.

     Respectfully submitted this 9<u>th</u> day of <u>February</u>, 2022.

               By:    <u>s/Robert A. DeMetz, Jr.</u>
                         Robert A. DeMetz, Jr.
                         Attorney for Plaintiff
                         Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
rdemetz@forthepeople.com

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DANIELLA WALTON,<br>    Plaintiff, | CIVIL ACTION<br>        22-C-00819-S5 |
| vs. | FILE NO.: _____ |
| THERESA SALVATORE VANCE,<br>NFI INTERACTIVE LOGISTICS, LLC<br>and NATIONAL UNION FIRE<br>INSURANCE COMPANY OF<br>PITTSBURGH, PA.<br>    Defendants. | JURY TRIAL DEMANDED |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANT NFI INTERACTIVE LOGISTICS, LLC

COMES NOW Plaintiff and hereby requests that Defendant NFI INTERACTIVE LOGISTICS, LLC admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSIONS

1.

Please admit that this Defendant was personally served with a copy of the Summons and Complaint in the above-styled action.

2.

Please admit that this Defendant has been properly served with process in this action.

3.

Please admit that this Defendant raises no defense as to insufficiency of process or insufficiency of service of process in this action.

4.

Please admit that venue as to this Defendant is proper in Gwinnett County, Georgia.

5.

Please admit that this Court has jurisdiction over this Defendant for the purpose of this lawsuit.

6.

Please admit that Defendant Vance was an employee of Defendant NFI at the time of the March 12, 2020 collision-in-suit.

7.

Please admit that at the time of the collision-in-suit, Defendant Vance was operating a 2016 KNW HT6660, VIN: 1XKYD49X2GJ474975, in the course and scope of her employment with Defendant NFI.

8.

Please admit that Defendant NFI is liable under the doctrine of Respondeat Superior for negligent acts or omissions of Defendant Theresa Salvatore Vance, if any, at the time of the subject collision.

9.

Please admit that Defendant NFI was the owner or operator of the 2016 KNW HT6660, VIN: 1XKYD49X2GJ474975, at the time of the March 12, 2020 collision-in-suit.

10.

Please admit that at the time of the collision-in-suit, Defendant Theresa Salvatore Vance was traveling east on I-20 in the third lane from the median wall.

11.

Please admit that at the time of the collision-in-suit, Plaintiff's traveling east on I-20 in the fourth lane from the median wall.

12.

Please admit that Defendant Vance failed to maintain her lane causing the subject vehicle to strike the Plaintiff's vehicle.

13.

Please admit that on March 12, 2020, NFI was insured by National Union Fire Insurance Company of Pittsburgh, PA.

14.

Please admit that National Union Fire Insurance Company of Pittsburgh, PA. issued a policy of insurance in which NFI was an insured with effective dates of coverage inclusive of March 12, 2020.

15.

Please admit that on March 12, 2020, NFI was insured under policy number CA4993266.

16.

Please admit that NFI policy number CA4993266 provides primary coverage for bodily injury and property damage claims.

17.

Please admit that NFI policy number CA4993266 provides coverage for the negligent acts or omissions, if any, of Defendant Vance arising from the subject March 12, 2020 collision-in-suit.

18.

Please admit that NFI policy number CA4993266 provides coverage for the negligent acts or omissions, if any, of Defendant NFI arising from the subject March 12, 2020 collision-in-suit.

Respectfully submitted this 9<u>th</u> day of February, 2022.

By:     s/Robert A. DeMetz, Jr.
        Robert A. DeMetz, Jr.
        Attorney for Plaintiff
        Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone: (706) 324-1227
Fax: (706) 324-1228
rdemetz@forthepeople.com

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 A**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DANIELLA WALTON, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | 22-C-00819-S5 |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| THERESA SALVATORE VANCE, | ) | |
| NFI INTERACTIVE LOGISTICS, LLC | ) | JURY TRIAL DEMANDED |
| and NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY OF | ) | |
| PITTSBURGH, PA. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT NFI INTERACTIVE LOGISTICS, LLC

COMES NOW Plaintiff in the above-styled action and serve these Interrogatories upon the Defendant, NFI INTERACTIVE LOGISTICS, LLC ("NFI") as an opposite party and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9 11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.     "Occurrence" refers to the collision forming the basis of the Complaint.

4.     (a)     "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

       (b)     "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

### 1.

Please describe the relationship between NFI and THERESA SALVATORE VANCE.

### 2.

For each and every request for admission that you did not admit in its entirety, please provide in detail the factual basis supporting your failure to admit the request.

### 3.

Please identify by Manufacturer, make, model, year and Vehicle Identification Number (VIN) all vehicles operated by this Defendant on March 12, 2020.

### 4.

Please identify by Manufacturer, make, model, year and Vehicle Identification Number (VIN) all vehicles currently operated by this Defendant.

### 5.

State the names and addresses of the following officers and employees of this Defendant: President; Treasurer; Safety Director; Personnel Director; and all persons who have investigated the subject collision or discussed the subject collision with NFI and/or Theresa Salvatore Vance, driver of the vehicle involved in this collision.

### 6.

Please state whether Defendant is a common carrier, contract carrier or a private carrier, the date of incorporation of Defendant, state of incorporation, list the addresses of the principal places of business of this Defendant, and whether this Defendant is a subsidiary or parent of another company, if so, please state the full name and address of the other company.

### 7.

State whether there are one or more policies of insurance extending coverage to you or whether you are a party to or beneficiary of any agreement or contract, by which any person is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense or payment made in connection with this action. If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which), the effective dates or date of execution, the substance and content, the applicable limits

of liability coverage, and the name and current address of the person(s) having possession thereof.

8.

With regard to each policy of insurance identified in answer to Interrogatory No. 3, state whether the insurer has undertaken to defend you in this action, whether the insurer has acknowledged or extended coverage with respect to the collision-in-suit, and whether the insurer has undertaken to defend you in this action under a reservation of rights or non-waiver agreement.

9.

Who was the owner of the subject vehicle, at the time of this wreck? Please give the full name and address of the owner.

10.

If you were not the owner of the subject vehicle involved in this wreck, please state whether these vehicles were being operated by Defendant under a lease at the time of the wreck and state whether the lease was a permanent or trip lease.

11.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) driven by THERESA SALVATORE VANCE from 30 days prior to the subject collision to 30 days subsequent to the collision.

12.

State whether this Defendant admits that the driver of the subject vehicle, THERESA SALVATORE VANCE, negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for contesting liability.

13.

Has THERESA SALVATORE VANCE ever been cited by the Department of Transportation, Public Service Commission or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation;

(e)     The ultimate disposition of the charges.

14.

Do you contend that the plaintiff caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

15.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability or damages in this case.  Please include a brief description of the nature of such person's knowledge.  (For example: eyewitness, investigating police officer, medical personnel, etc.)

16.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name that records information concerning the operation of the tractor.

17.

Please state whether any of the above witnesses gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of her or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

18.

Please describe the method by which you compensate your drivers (i.e., by the hour, by the miles traveled, by the load, commissions, salary, etc.) and any variations for the Defendant driver's pay at the time of the wreck.

19.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to the Plaintiff and Plaintiff's decedent's health condition prior to or subsequent to the collision in this case, information relative to his physical and mental

suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

20.

Please explain the nature of the employment relationship between the driver of the subject vehicle, involved in this collision and this Defendant, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

21.

With respect to the driver of the subject vehicle involve in this occurrence, please state the following: his Date of Birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; his mode of compensation.

22.

Please state whether Defendant maintains driver qualifications and describe each one.

23.

At any time prior to this wreck, did THERESA SALVATORE VANCE ever fail to meet any one of these driver qualifications? If so, please state which one(s) and on what date he failed to meet the qualification(s).

24.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of the subject vehicle;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including Defendant THERESA SALVATORE VANCE;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and specifically driver THERESA SALVATORE VANCE; and

(e)     Person(s) responsible for supervising drivers, including THERESA SALVATORE VANCE.

25.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant hires or allows to drive vans. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the van involved in the subject occurrence.

26.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurers.

27.

Please give a detailed history of any inspections, maintenance, and repairs of the subject vehicle which was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

28.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident referred to in the complaint.

29.

In regard to the load being transported at the time of the collision by THERESA SALVATORE VANCE, identify:

    (a)     Where the load originated;

    (b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load;

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax
        correspondence or other writings pertaining to the transportation of said load.

30.

Please identify any person that this Defendant expects to call as an expert witness,
whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as
well as any other evidentiary hearing in this action, and, separately for each expert: identify the
subject matter of which the person is expected to testify; identify the substance of the facts and
opinions as to which the person is expected to testify; summarize the grounds for such opinions;
and identify all documents and professional references upon which such person may base her or
her testimony and opinions.

31.

As to this Defendant's subject vehicle, involved in the occurrence, please state the
following information: Manufacturer, make, model, year, and Vehicle Identification Number (if
incorrect); person or entity to whom the subject vehicle was titled as of the date of the
occurrence and at present; present location of the subject vehicle; gross vehicle rating of the
subject vehicle; and wheelbase measurements.

32.

Please state whether any inspection of the subject vehicle was conducted after the
collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the
person(s) performing such inspection. Also identify any documents, reports, photographs,
videotapes, or other records which were made concerning any inspection of the subject vehicle.

33.

Please state whether at the time and place of the subject occurrence, THERESA
SALVATORE VANCE was an employee/servant of this Defendant acting within the course and
scope of his employment for this Defendant. If your answer to this interrogatory is in any way in
the negative, please also state the facts which support such response.

34.

Please identify the cellphone number and service provider for all cellphones owned, used
or operated by THERESA SALVATORE VANCE on the date of the incident.

35.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's injuries. Please supply any statutory authority in support of these contentions and identify any evidence that supports these contentions.

36.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following:  the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

37.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located.

38.

Did you conduct a post-accident alcohol and controlled substance test on THERESA SALVATORE VANCE?  If so, please state:

    (a)    The date of testing;

    (b)    Who performed the test;

    (c)    Where the test was performed;

    (d)    The results of the test.

39.

If post-accident testing was not performed on THERESA SALVATORE VANCE, please state the reasons such testing did not occur.

40.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by THERESA SALVATORE VANCE, his destination, and from where he left, the time and date se left and the time and date he reached his destination. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

41.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

42.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

43.

Please detail the factual and legal basis for each defense pled in this Defendant's answer.

44.

Please identify and describe each document filed by or on behalf of NFI with a state or government agency, or received from a state or federal agency, including, but not limited to, certificates of insurance, MC90, insurance cancellation notifications, certificate of authority, and licenses or permits.

Respectfully submitted this 9th day of February, 2022.

By:     s/Robert A. DeMetz, Jr.
        Robert A. DeMetz, Jr.
        Attorney for Plaintiff
        Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
rdemetz@forthepeople.com

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
2/9/2022 8:52 A
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DANIELLA WALTON,  )
     Plaintiff,  )     CIVIL ACTION
  )        22-C-00819-S5
vs.  )     FILE NO.: _____
  )
THERESA SALVATORE VANCE,  )
NFI INTERACTIVE LOGISTICS, LLC  )     JURY TRIAL DEMANDED
and NATIONAL UNION FIRE  )
INSURANCE COMPANY OF  )
PITTSBURGH, PA.  )
     Defendants.  )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NFI INTERACTIVE LOGISTICS, LLC

COMES NOW Plaintiff in the above-styled action and hereby requests that Defendant NFI INTERACTIVE LOGISTICS, LLC ("NFI") produce the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of MORGAN & MORGAN ATLANTA, PLLC, 408 12th Street – Suite 200, Columbus, Georgia 31901, or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiffs expressly intend

for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "Occurrence" refers to the collision made the basis of the Complaint.

4.      (a)      "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## REQUESTS FOR PRODUCTION

1.

Please produce all documents in your possession, custody or control which you provided to, or received from the Federal Motor Carrier Safety Administration.

2.

Please produce all documents in your possession, custody or control which you provided to, or received from the Georgia Public Safety Commission.

3.

Please produce any citations, reports, correspondence, records or other documents from any city, county or state agency regarding your drivers, or your operation as a Motor Carrier.

4.

Please produce a copy of the corporate bylaws and articles of incorporation.

5.

Please produce any documents in your custody, possession or control regarding the business relationship of THERESA SALVATORE VANCE and NFI.

6.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability or damages.

7.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability and damages.

8.

Please produce a copy of any incident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision.

9.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

10.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

11.

Please produce a copy of the employment file for Defendant THERESA SALVATORE VANCE, including but not limited to any contract between Defendant driver and NFI.

12.

Please produce a copy of the paycheck, paycheck stub, timecard, and any documentation of time worked by the Defendant driver for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

13.

Please produce a copy of the insurance card, cab registration card, and any other documentation provided by Defendant driver to the investigating officer or any other person at the time of the wreck or any time thereafter.

14.

Please produce a copy of the logs for trips made by the Defendant driver for the fourteen days prior to the subject collision, the date of said collision, and the seven days subsequent to said collision.

15.

Please produce a copy of any and all instructions manuals, employee rules, regulations, or any driver/employee handbook provided to Defendant driver or any handbook in force and effect for drivers of this Defendant at the time of the subject collision.

16.

Please produce a copy of all company hiring policies and procedures at the time Defendant THERESA SALVATORE VANCE was hired.

17.

Please produce a copy of all company manuals covering van safety, maintenance, fleet safety programs, and driver's standards from the time Defendant THERESA SALVATORE VANCE was hired through the time of this wreck.

18.

Please produce a copy of the accident review procedures or rules adopted by the company to determine whether any accident is chargeable or non-chargeable, preventable or non-preventable, which were in effect at the time of the subject collision.

19.

Please produce a complete copy of the driver qualification file and your personnel file maintained concerning the Defendant driver, THERESA SALVATORE VANCE, involved in the subject collision.

20.

Please produce copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip being made by the Defendant driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end, including but not limited to:

a.  Copy of all tachometer records;

b.  Copy of all on-board computer records;

c.  Copy of all dispatch records;

d.  Copy of all fax transmissions between the driver, his employer and any agent or broker;

e.  Copy of all telephone records;

f.  Copy of all mobile radio records;

g.  Copy of all pro-rate records;

h.  Copy of all wrecker or tow truck records;

i.  Copy of van and trailer license;

j.  Copy of all pick-up and delivery records;

k.  Copy of all trip summaries;

l.  Copy of all delivery manifests;

m.  Copy of all credit card receipts;

n.  Copy of all toll tickets;

o.  Copy of all state entry and departure records;

p.  Copy of registration and title to the van;

q.  Copy of all expense sheets;

r.  Copy of all manifests and waybills;

s.  Copy of the accident register;

t.  Copy of all trip reports;

u.   Copy of THERESA SALVATORE VANCE's Commercial Drivers' and/or Drivers' License;

v.   Copy of all records generated by on-board recording devices with which the van was equipped at the time of the accident;

w.   Trip Logs;

x.   Mileage Sheets;

y.   In-service hours;

z.   Tripometer results; and,

aa.  Any correspondence of any kind to and from any governmental agency pertaining to the subject vehicle and/or the driver. This request includes, but is not limited to, any correspondence between any governmental or law enforcement office and the driver or employer concerning the March 12, 2020 accident.

21.

Please produce any report or statement, whether oral or in words by THERESA SALVATORE VANCE concerning the collision and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

22.

Please produce a complete copy of maintenance records, repair records, and inspection records on the subject vehicle, involved in the subject collision. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject van both prior to and after the date of the collision that is the subject of Plaintiff's Complaint.

23.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the subject vehicle, in the subject collision and who repaired the van after the subject collision.

24.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

25.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff and/or Plaintiff's decedent's physical or medical condition, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

26.

Please produce copies of any and all documents obtained or generated as a result of THERESA SALVATORE VANCE driving for this Defendant or its agents, officers, and employees or generated for consideration of THERESA SALVATORE VANCE as a driver for this Defendant.

27.

Please produce any and all documents that in any way pertain to THERESA SALVATORE VANCE's qualifications (or lack thereof) to drive professionally for this Defendant to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

28.

Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or insurer relative to the performance of THERESA SALVATORE VANCE as a van driver to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning THERESA SALVATORE VANCE's work or background as a driver from the time he first drove for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

29.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of THERESA SALVATORE VANCE.

30.

Please produce copies of any and all citations received by the Defendant driver from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

31.

Please produce copies of any and all information sent to or received from or through any of your insurers concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your liability insurance carrier with respect to the issue of liability in this case.

32.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

33.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon the driver of the Defendant's vehicle(s), involved in the subject collision by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

34.

Please produce a copy of all rental contracts and/or lease contracts between you and the owner of the subject vehicle.

35.

Please produce copies of all out of service orders and/or repair invoices during the period the subject vehicle was operated on your behalf.

36.

Please produce for inspection and copying by the plaintiff copies of the bill of sale, title and any other documents relating to the ownership of the tractor and trailer (including container or chassis, if applicable) driven by THERESA SALVATORE VANCE on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Please produce for inspection and copying by the plaintiff, a copy of THERESA
SALVATORE VANCE'S qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his/her CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his/her driving record;

(g)     Carrier's inquiry into his/her employment record;

(h)     Documents regarding carrier's annual review of his/her driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his/her driving
        record;

(j)     Certification of driver's road test;

(k)     Medical examiner's certificate;

(l)     Statement setting forth in detail any denial, revocation or suspension of any license,
        permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records;

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Please produce for inspection and copying by the plaintiff, copies of cellphone records
showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of
this, you may attach copies thereof to your answers to these interrogatories.

(Signature on following page.)

Respectfully submitted this 9<u>th</u> day of <u>February</u>, 2022.

By:    <u>s/Robert A. DeMetz, Jr.</u>
           Robert A. DeMetz, Jr.
           Attorney for Plaintiff
           Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
<u>rdemetz@forthepeople.com</u>

FILED IN OFFICE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AM**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DANIELLA WALTON,           )
     Plaintiff,             )   CIVIL ACTION
                   )       22-C-00819-S5
                   )
vs.                        )   FILE NO.: _____
                   )
THERESA SALVATORE VANCE,   )
NFI INTERACTIVE LOGISTICS, LLC  )  JURY TRIAL DEMANDED
and NATIONAL UNION FIRE    )
INSURANCE COMPANY OF       )
PITTSBURGH, PA.            )
     Defendants.           )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT NATIONAL UNION FIRE
## INSURANCE COMPANY OF PITTSBURGH, PA.

COMES NOW Plaintiff and hereby requests that Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each.

1.

Please admit that the defendant issued a policy of liability insurance to National Union Fire Insurance Company of Pittsburgh, PA. covering the loss at issue in this litigation.

2.

Please admit that National Union Fire Insurance Company of Pittsburgh, PA. is a motor carrier for hire.

3.

Please admit that National Union Fire Insurance Company of Pittsburgh, PA. engaged in intrastate transportation within the state of Georgia during the 12-month period prior to the date of the collision that is the subject of this litigation.

4.

Please admit that National Union Fire Insurance Company of Pittsburgh, PA. is subject to the jurisdiction of the Georgia Public Service Commission and the Georgia Department of Revenue by virtue of engaging in intrastate transportation pursuant to O.C.G.A. § 46-7-36.

5.

Please admit that the defendant is liable for any verdict against National Union Fire Insurance Company of Pittsburgh, PA. up to the policy limits of coverage.

6.

Please admit there have been no other claims paid as a result of the subject incident which would decrease the remaining policy limits available.

7.

Please admit Plaintiff has incurred in excess of $17,187.80 in past medical expenses.

Respectfully submitted this 9<u>th</u> day of <u>February,</u> 2022.

By:    <u>s/Robert A. DeMetz, Jr.</u>
Robert A. DeMetz, Jr.
Attorney for Plaintiff
Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12<u>th</u> Street – Suite 200
Columbus, Georgia 31901
Phone: (706) 324-1227
Fax: (706) 324-1228
rdemetz@forthepeople.com

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
2/9/2022 8:52 AI
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DANIELLA WALTON,                    )
     Plaintiff,                      )        CIVIL ACTION
                            )             22-C-00819-S5
vs.                                 )        FILE NO.: _____
                            )
THERESA SALVATORE VANCE,            )
NFI INTERACTIVE LOGISTICS, LLC      )        JURY TRIAL DEMANDED
and NATIONAL UNION FIRE             )
INSURANCE COMPANY OF                )
PITTSBURGH, PA.                     )
     Defendants.                     )

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

COMES NOW the Plaintiff and pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, hereby

serves these Interrogatories upon Defendant National Union Fire Insurance Company of

Pittsburgh, PA., to be answered separately in the form provided by law and under oath within thirty

(30) days of the date of service. These interrogatories shall be deemed continuing and you are

required to supplement or amend any prior response if the person or entity to whom these

interrogatories are addressed ascertains any change, different or added fact, condition or

circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed

to the personal knowledge of the Defendant, as well as to the knowledge and information of

Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is

unable to answer a question completely, the question should be answered as fully as possible.

When a question is directed to Defendant, the question is also directed to each of the

aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description, stored electronically or in hard copy, that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.    "Occurrence" refers to the collision forming the basis of the Complaint.

4.    (a)    "Identify" with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "Identify" with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

1.

Identify the insurer issuing the policy, the policy number, and the effective dates of the policy for all policies of insurance (primary or excess) which do, does, or may provide insurance coverage for the claims made in Plaintiff's Complaint. Plaintiff specifically requests that in response to this interrogatory, this Defendant identify any and all payouts made and insurance coverages remaining for any aggregate or single-limits policies applicable for the time period which includes the subject incident.

2.

Please state the name, business address, and business telephone number of the following persons:

(a)     Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim made the basis of Plaintiff's Complaint; and

(b)     The claims representative who is responsible for handling and supervising this claim.

3.

Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.).

4.

Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type statement given (oral, written, recorded, etc.). Also please identify the taker and present custodian of such statement.

5.

Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter of which such

person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or her testimony and opinions.

6.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint. Please supply any statutory authority where applicable.

7.

State the names and addresses of the following officers and employees of this Defendant's insured's, NFI Interactive Logistics, LLC:   President; Treasurer; Safety Director; Personnel Director; and all persons who have investigated the subject collision or discussed the subject collision with Theresa Salvatore Vance, driver of the 2016 KNW HT6660 involved in this collision.

8.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured for the claims made in this lawsuit:

(a)     Name of each insurance company issuing policy;

(b)     Applicable liability limits concerning each policy;

(c)     Names of all persons and/or companies insured under each policy;

(d)     Names of the person(s) paying premiums with respect to each policy;

(e)     Policy number of each policy;

(f)     Types of insurance coverage carried.

9.

State whether this Defendant admits that the driver of the subject tractor trailer, Theresa Salvatore Vance, negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for contesting liability.

10.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's decedent's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's decedent's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

11.

Please explain the nature of the employment relationship between the driver of the subject tractor trailer involved in this collision and this Defendant's named insured(s), including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

12.

With respect to the driver of the tractor truck involved in this occurrence, please state the following: his date of birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; and his mode of compensation.

13.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of this
        Defendant's insured's tractor trailer;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including Theresa Salvatore
        Vance;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and,
        specifically, driver including Theresa Salvatore Vance; and,

(e)     Person(s) responsible for supervising drivers, including Theresa Salvatore Vance.

14.

Please state whether this Defendant, its agents, its attorneys, or its insured, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive their vehicles. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the tractor trailer involved in the subject occurrence.

15.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insured.

16.

Please give a detailed history of any inspections, maintenance, and repairs of the 2016 KNW HT6660 which was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

17.

As to this Defendant's insured's tractor trailer involved in the occurrence, please state the following information:  Manufacturer, make, model, year, and Vehicle Identification Number (VIN); person or entity to whom the subject tractor trailer was titled as of the date of the occurrence and at present; present location of the tractor trailer; gross vehicle rating of the tractor trailer; and wheelbase measurements.

18.

Please state whether any inspection of the subject 2016 KNW HT6660 was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection. Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the tractor trailer.

19.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

20.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives or the insured(s) in connection with the subject occurrence, and if so, the place where such report is located.

21.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by including Theresa Salvatore Vance, his destination, and from where he left. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's decedent's injuries.

22.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

23.

Please state whether or not any other claims have been paid by National Union Fire

Insurance Company of Pittsburgh, PA. as a result of the subject incident. If your answer is in the

affirmative, please state the settlement amount and the amount of available coverage you contend

remains for Plaintiff's settlement of this incident.

Respectfully submitted this 9<u>th</u> day of <u>February,</u> 2022.

By:    <u>s/Robert A. DeMetz, Jr.</u>
        Robert A. DeMetz, Jr.
        Attorney for Plaintiff
        Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
rdemetz@forthepeople.com

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AI**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DANIELLA WALTON,<br>Plaintiff, | ) | CIVIL ACTION |
| | ) | 22-C-00819-S5 |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| THERESA SALVATORE VANCE, | ) | |
| NFI INTERACTIVE LOGISTICS, LLC | ) | JURY TRIAL DEMANDED |
| and NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY OF | ) | |
| PITTSBURGH, PA. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT NATIONAL UNION
## FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

COME NOW the Plaintiff, and pursuant to O.C.G.A. §§ 9-11-26, 9-11-34, O.C.G.A. § 24-10-26, *et seq.*, hereby serves these Requests for Production of Documents upon Defendant, National Union Fire Insurance Company of Pittsburgh, PA., to be answered separately in the form provided by law, and with the production by Defendant of true and accurate copies of all documents or evidence to the law firm of Morgan & Morgan Atlanta, PLLC, 408 12th Street, Suite 200, Columbus, Georgia 31901.

### INSTRUCTIONS

A.  This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-10-26, *et seq.*, so as to require Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial. Plaintiffs also request that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B.  If a requested document is no longer in your possession, custody or control, please identify the document with specificity and its location or date of destruction.

C.  If you object to part of a request, <u>please identify any documents withheld</u>. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

D.  If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

<b><u>DEFINITIONS</u></b>

1.  "Document":  Wherever the word "document" appears below, it refers to every writing, printing, record, graphic, photographic or sound reproduction of every type and description, stored electronically or in hard copy, that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the

requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "Person": Wherever the word "person" appears below, it refers to any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

## REQUESTS FOR PRODUCTION

1.

Please produce copies of all witness statements obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to, the issues of liability or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and concerning any of the issues relevant in this lawsuit, to include but not be limited to the issues of liability and damages.

3.

Please produce a copy of any incident report prepared by you, on your behalf, or by or on behalf of National Union Fire Insurance Company of Pittsburgh, PA. concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage with respect to Plaintiff's claims relative to National Union Fire Insurance Company of Pittsburgh, PA. and NFI Interactive Logistics, LLC This Request includes primary insurance coverage, excess insurance coverage,

umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce copies of the underwriting file concerning the defendant motor carrier's application for insurance with this Defendant.

6.

Please produce copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, or business entity, or any governmental entity relative to the driving record and driving infractions of Theresa Salvatore Vance, the driver who was operating the insured's 2016 KNW HT6660 at the time of the collision that forms the basis for this lawsuit.

7.

Please produce copies of any and all documentation of any kind concerning the driving history, driving infractions, and qualifications to drive of Theresa Salvatore Vance, the driver of the subject vehicle involved in the collision that formed the basis for Plaintiff's Complaint.

8.

Please produce a copy of any incident reports prepared by any agent, employee, or officer on behalf of this Defendant's insured(s) concerning the subject collision and/or any claim or potential claim arising out of said collision.

9.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

10.

Please produce a copy of the paycheck, paycheck stub, timecard, or any documentation of time worked by the insured tractor trailer driver for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

11.

Please produce a copy of the logs for trips made by the driver for this Defendant's insured for the fourteen (14) days prior to the subject collision, the date of said collision, and the seven (7) days subsequent to said collision.

12.

Please produce a copy of any and all instructions manuals, employee rules, regulations, or any driver/employee handbook provided to the tractor trailer driver by your insured or any handbook in force and effect for drivers of this Defendant's insured at the time of the subject collision.

13.

Please produce a complete copy of the driver qualification file and the personnel file maintained concerning the driver, Theresa Salvatore Vance, involved in the subject collision.

14.

Please produce copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip being made by the driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

15.

Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or entity relative to the performance of Theresa Salvatore Vance as a tractor trailer driver to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning Theresa Salvatore Vance's work or background as a driver from the time he first drove for this Defendant's insured to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

16.

Please produce any report or statement concerning the collision written by National Union Fire Insurance Company of Pittsburgh, PA. and given to this Defendant, the police, your insured, or any other person concerning the collision set forth in the Complaint.

17.

Please produce a complete copy of maintenance records, repair records, and inspection records on the 2016 KNW HT6660 involved in the subject collision. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject van both prior to and after the date of the collision that is the subject of Plaintiff's Complaint.

18.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the 2016 KNW HT6660 in the subject collision and who repaired the tractor trailer after the subject collision.

19.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

20.

Please produce copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiff's physical or medical condition, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

21.

Please produce copies of any and all documents obtained or generated as a result of Theresa Salvatore Vance's driving for this Defendant's insured or its agents, officers, and employees or generated for consideration of Theresa Salvatore Vance as a driver for this Defendant's insured.

22.

Please produce any and all documents that in any way pertain to Theresa Salvatore Vance's qualifications (or lack thereof) to drive professionally for this Defendant's insured to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

23.

Please produce copies of any and all information sent to or received from or through your insured concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your insured with respect to the issue of liability in this case.

24.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of Theresa Salvatore Vance.

25.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon the driver of this Defendant's insured's 2016 KNW HT6660  involved in the subject collision by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

26.

Please produce copies of any and all citations received by the driver of this Defendant's insured's 2016 KNW HT6660  from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of the road of any state as a result of this collision.

27.

Please produce a copy of certificates of insurance or any other documents filed by or on behalf of any named defendant with any state or federal agency in compliance with state or federal law.

(Signature on following page.)

Respectfully submitted this 9<u>th</u> day of <u>February,</u> 2022.

By:     <u>s/Robert A. DeMetz, Jr.</u>
Robert A. DeMetz, Jr.
Attorney for Plaintiff
Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
rdemetz@forthepeople.com

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-00819-S**
**2/9/2022 8:52 AI**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DANIELLA WALTON,                          )
      Plaintiff,                              )          CIVIL ACTION
                         )                      22-C-00819-S5
                         )
vs.                                        )          FILE NO.: _____
                         )
THERESA SALVATORE VANCE,                   )
NFI INTERACTIVE LOGISTICS, LLC             )          JURY TRIAL DEMANDED
and NATIONAL UNION FIRE                    )
INSURANCE COMPANY OF                       )
PITTSBURGH, PA.                            )
      Defendants.                             )

## **CERTIFICATE OF SERVING DISCOVERY MATERIAL**

COMES NOW, Plaintiff herein, and pursuant to the local rules of court hereby certifies that a true and correct copy of the following documents were served upon defendant via hand delivery attached to Summons and Complaint:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT NFI INTERACTIVE LOGISTICS, LLC

2. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT THERESA SALVATORE VANCE

3. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

4. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THERESA SALVATORE VANCE

5. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT NFI INTERACTIVE LOGISTICS, LLC

6. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NFI INTERACTIVE LOGISTICS, LLC

7. PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

8.      PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
        NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

Respectfully submitted this 9$\underline{^{th}}$ day of February, 2022.

By:     s/Robert A. DeMetz, Jr.
        Robert A. DeMetz, Jr.
        Attorney for Plaintiff
        Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
rdemetz@forthepeople.com